**The relief described hereinbelow is SO ORDERED.**

**Signed September 12, 2024.**



_____
**Ronald B. King
United States Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| IN RE: § § **CTCHGC, LLC, d/b/a Central Texas Gun Works, Centex Guns, and CTGW,**[1] § § § **MICHAEL D. CARGILL,** § § **DEBTORS.** § § § § | **LEAD CASE NO. 24-11072-smr** **SECOND CASE NO. 24-11073-smr** **CHAPTER 11 (SUBCHAPTER V) Jointly Administered Under Case No. 24-11072-smr** |

**ORDER GRANTING DEBTORS' MOTION FOR AUTHORITY TO PAY PRE-PETITION WAGES AND RELATED PAYROLL TAXES AND CRITICAL CONTRACT LABOR PRE-PETITION PAYMENTS**

Before the Court is the *Motion for Authority to Pay Pre-Petition Wages Claims and Related Payroll Taxes and Critical Contract Labor Pre-Petition Payments* (the "Motion"), which was filed by CTCHGC, LLC on September 6, 2024. The Court finds that it has jurisdiction over this matter

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are CTCHGC, LLC d/b/a Central Texas Gun Works, Centex Guns, and CTGW (2344) and Michael D. Cargill (0321). The Debtors' mailing address is 321 W Ben White Blvd #203, Austin, TX 78704.

pursuant to 28 U.S.C. § 157 and 1334; the Court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); the Court finds that CTCHGC, LLC has shown good, sufficient, and sound business purpose and justification for the relief requested in the Motion, and that the relief requested in the Motion is in the best interest of CTCHGC, LLC, its estate and the creditors thereof; the Court finds that good cause exists to waive the fourteen-day stay imposed by the Bankruptcy Rules; the Court finds that proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and the Court finds that upon the record herein after due deliberation thereon good and sufficient cause exists for granting the relief requested in the Motion. Accordingly, it is hereby—

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is **GRANTED.**

2. The Debtor CTCHGC, LLC is hereby authorized and empowered, but not directed, to pay its employees all pre-petition compensation not to exceed the priority caps in the Bankruptcy Code relating to services rendered to CTCHGC, LLC prior to the petition date that were unpaid on the petition date (including all payroll-related taxes). Specifically, CTCHGC, LLC is authorized to pay: i) its employees $7,787.47 for the Unpaid Wages; ii) $1,164.38 for payroll taxes for the Unpaid Wages.

3. CTCHGC, LLC is hereby authorized and empowered, but not directed, to pay its contract workers Zachary Istre and Rey Perez III, as critical vendors, the respective amounts of $300.00 and $406.80.

4. Nothing contained herein shall release, waive, impair, diminish, or adversely impact the viability or recoverability of any claim for the avoidance of allegedly preferential transfers or any other claims under chapter 5 of the Bankruptcy Code against any critical vendor or employee. All such claims are hereby preserved and reserved.

5. Nothing in this Order waives any applicable requirement that a critical vendor or employee be required to file a proof of claim.

6. For the avoidance of doubt, this Order does not authorize any payments to insiders (as such term is defined in section 101(31) of the Bankruptcy Code of the Debtors.

7.	In the event any of the employees or contractors cease working for CTCHGC, LLC at the time of payment, the forgoing payments to any such departing employee or contractor shall not be authorized. In the event that any of the employees or contractors have been pre-paid pursuant to prior order of the Court any amount for which they will not perform as an employee or contractor, such pre-paid, unearned amounts may be deducted from any payment authorized under this Order.

8.	This Order shall be effective immediately irrespective of any stay imposed by Rule 6004(h) of the Bankruptcy Rules or otherwise

9.	The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.	Notwithstanding anything herein to the contrary, the Debtor shall not pay any employee any amount in excess of the statutory cap under 11 U.S.C. §§ 507(a)(4) or (5).

11.	Notwithstanding anything herein to the contrary, the Debtor shall not pay any employee under this Order who is no longer employed by the Debtor.

12.	Notwithstanding anything to the contrary herein or in the Motion, all relief granted in this Order shall remain subject in all respects to any order relating to use of cash collateral (the "Cash Collateral Order"). To the extent there is any inconsistency between this Order and Cash Collateral Order, the Cash Collateral Order shall control.

13.	The Debtor shall serve this order on all parties required under Fed. R. Bank. P. 4001(d)(1)(C) and file a certificate of service with the Court.

14.	The Bankruptcy Court has and will retain jurisdiction to interpret, implement, and enforce this Order according to its terms.

### END OF ORDER ###

Order Prepared By:

KELL C. MERCER, P.C.

901 S MoPac Expy, Bldg 1, Suite 300
Austin, Texas 78746
(512) 627-3512
(512) 597-0767 (fax)
kell.mercer@mercer-law-pc.com

By: /s/ Kell C. Mercer
Kell C. Mercer
Texas State Bar No. 24007668

PROPOSED COUNSEL FOR CTCHGC, LLC
AND MICHAEL D. CARGILL, DEBTORS