**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: October 11, 2024.**



_____
**SHAD M. ROBINSON**
**UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **CTCHGC, LLC, d/b/a Central Texas Gun** | § | **LEAD CASE NO. 24-11072-smr** |
| **Works, Centex Guns, and CTGW,**[1] | § | |
| | § | |
| **MICHAEL D. CARGILL,** | § | **SECOND CASE NO.  24-11073-smr** |
| | § | |
| **DEBTORS.** | § | **CHAPTER 11** |
| | § | **(SUBCHAPTER V)** |
| | § | **Jointly Administered** |
| | § | |

### FINAL ORDER (I) AUTHORIZING THE USE OF CASH COLLATERAL,
### (II) PROVIDING ADEQUATE PROTECTION,
### AND (III) MODIFYING THE AUTOMATIC STAY

On October 10, 2024, came on for consideration the _Debtors' Expedited Motion Seeking_

_Interim and Final Orders (I) Authorizing the Use of Cash Collateral, (II) Providing Adequate_

_Protection, (III) Modifying the Automatic Stay, and (IV) Scheduling a Final Hearing_ [Dkt. No. 5]

_____

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are CTCHGC, LLC d/b/a Central Texas Gun Works, Centex Guns, and CTGW (2344) and Michael D. Cargill (0321). The Debtors' mailing address is 321 W Ben White Blvd #203, Austin, TX 78704.

1

(the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), under sections 105, 361, and 363 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules (the "Local Rules") of Bankruptcy Procedure of the United States Bankruptcy Court for the Western District of Texas (the "Bankruptcy Court") seeking, among other things:

1.      Authorization for Debtor CTCHGC' ("CTCHGC") use of cash collateral whenever or wherever acquired, and the proceeds of all collateral pledged to the Pre-Petition Lender(s) (as defined below), as contemplated by section 363 of the Bankruptcy Code in accordance with the terms set forth herein;

2.      A grant of adequate protection to the Pre-Petition Lender(s) under and in connection with any alleged Pre-Petition Claim(s) in accordance with the terms set forth herein;

3.      Modification of the automatic stay to the extent hereinafter set forth and waiving the 14-day stay provisions of Bankruptcy Rule 4001(a)(3); and

4.      A Final Hearing on the Motion.

Pursuant to Bankruptcy Rule 4001, the Court held interim hearings with respect to the Motion on **September 5, 2024** and **September 26, 2024** (the "Interim Hearings") and a final hearing on **October 10, 2024** (the "Final Hearing").

After the Motion and the proceedings before this Court at the Interim Hearings and the Final Hearing; and all objections, if any, to the relief requested in the Motion having been withdrawn, reserved for final hearing, or resolved by this Court as reflected on the record established by the Debtors at the Interim Hearings and the Final Hearing;

---

[2] Capitalized terms used but not defined herein have meanings given to them in the Motion.

**THIS COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.      Petition Date. On September 2, 2024 (the "Petition Date"), the Debtors commenced their cases ("Chapter 11 Cases") by filing voluntary petitions for relief under Chapter 11, Subchapter V of the Bankruptcy Code;

B.      Debtor-in-Possession. The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code, and no trustee or examiner has been appointed;

C.      Notice. In light of the circumstances, the Debtors gave due and sufficient notice of the Motion pursuant to the Bankruptcy Rules and Local Rules;

D.      Jurisdiction and Venue. This Court has core jurisdiction over the Debtors' Chapter 11 Cases, the Motion, and the parties and property affected by this Order pursuant to 28 U.S.C. §§ 157(b) and 1334, and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409;

E.      Statutory Committee Formation. As of the date hereof, the U.S. Trustee has not appointed an official committee of unsecured creditors in this matter pursuant to section 1102 of the Bankruptcy Code (each a "Committee");

F.      Pre-Petition Lender(s); Cash Collateral. Several lenders to CTCHGC assert and have filed liens against CTCHGC's assets, including equipment, inventory, and accounts, together with all replacements, accessions, proceeds, and products thereof ("Pre-Petition Collateral" or "Cash Collateral"). These include the following "Pre-Petition Lenders(s)":

US Small Business Administration, 1545 Hawkins Blvd., Suite 202, El Paso, TX 79925

Prosperity Bank 1204 N. Navarro St., Victoria, TX 77901

Broadway Advance, 39 Broadway Suite 930, New York, NY 10006

Velocity Group USA, Inc., 290 Broadhollow Road, Suite #220E, Melville, NY 11747

ACME Company, 64 Beaver Street, Ste #344, New York, NY 10004

Blue Ridge Capital, LLC, 570 Eastern Parkway, Brooklyn, NY 11225

Iterium Financial, Inc., 6015 Washington St, Hollywood, FL 33023

CHTD Company, P.O. Box 2576, Springfield, IL 62708

ROC Funding Group, 1457 Richmond Road, Staten Island, NY 10304-2309

The Avanza Group, LLC, 3974 Amboy Road, Ste 306, Staten Island, NY 10306

The Debtors reserve all rights as to the perfection, priority, allowance, calculation, avoidance, of the lien(s) and claim(s) of all Pre-Petition Lender(s). All cash of CTCHGC, wherever located on the Petition Date, may represent (i) proceeds of loans or other financial accommodations provided to CTCHGC by the Pre-Petition Lender(s); or (ii) proceeds of the Pre-Petition Collateral. All such funds constitute Cash Collateral within the meaning of section 363 of the Bankruptcy Code.

G.    Good Cause and Business Justification. The Debtors have demonstrated good cause for entry of this Final Order. CTCHGC has a need to use the Cash Collateral in order to, among other things, acquire new inventory as needed and fund CTCHGC' operating expenses. CTCHGC' access to sufficient working capital and liquidity through use of the Cash Collateral is vital to maximizing the value of the Debtors' estates.

H.    Fair and Reasonable Terms. Based on the Motion and the record presented to the Court at the Interim Hearings and the Final Hearing, the terms of the use of the Cash Collateral herein are fair and reasonable and reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties.

I.    Good and Sufficient Cause. Authorization of the use of the Cash Collateral in accordance with this Final Order is in the best interest of the Debtors' estates and good and

sufficient cause has been shown for such authorization at the Interim Hearings and the Final Hearing.

Based upon the foregoing, and after due consideration and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted, to the extent specified below, on an final basis effective as of the Petition Date. CTCHGC is authorized, pursuant to section 363 of the Bankruptcy Code, to use the Pre-Petition Collateral, Cash Collateral, and the proceeds and products thereof, pursuant to the terms of the First and Second Interim Orders (the "Interim Orders") and this Final Order. CTCHGC shall use the Cash Collateral only for the purposes and in the amounts set forth in the Budget attached hereto as Exhibit A (the "Budget"). CTCHGC is expressly authorized to use the Pre-Petition Collateral, Cash Collateral, and the proceeds and products thereof to pay the Subchapter V trustee's retainer and fees. The Budget may be further modified and amended from time to time only with either (i) consent of the Pre-Petition Lender(s), or (ii) further order of the Bankruptcy Court.

2. Subject to the terms of this Final Order, CTCHGC is hereby authorized to use Cash Collateral from the date hereof through the earliest of: (i) the effective date of a confirmed plan of reorganization in this chapter 11 case; (ii) the closing of a sale of all or substantially all assets of CTCHGC; (iii) the dismissal of the chapter 11 case or the conversion of the chapter 11 case to a case under chapter 7 of the Bankruptcy Code; (iv) any material provision of this Final Order having ceased to be valid or binding for any reason; and (v) five (5) business days following receipt by the Debtors and U.S. Trustee of a notice (a "Notice of Default") from the Pre-Petition Lender(s) of a breach by CTCHGC of (a) any of the terms or provisions of the First or Second Interim Orders or the Final Order (the "Budget Period"). Further, the Debtors reserve the right to seek authority

from this Court to use cash collateral on a nonconsensual basis, and the Pre-Petition Lender(s) reserve the right to object to, contest, or otherwise respond to any such request.

3.    <u>Adequate Protection</u>. To the extent of their perfected and allowed claims and liens, the Pre-Petition Lender(s) are entitled, pursuant to sections 361, 362(d) and 363(e) of the Bankruptcy Code, to adequate protection of their respective interests in CTCHGC' property for an amount equal to the aggregate diminution in the value of such Pre-Petition Lender's interest in CTCHGC' property (including Cash Collateral) (the "<u>Diminution in Value</u>") resulting from the use, sale, or lease by CTCHGC (or other decline in value) of the Cash Collateral and any other Pre-Petition Collateral and the imposition of the automatic stay pursuant to section 362 of the Bankruptcy Code. To the extent of their perfected and allowed claims and liens, as adequate protection, the Pre-Petition Lender(s) are hereby granted the following:

a.    A continuing security interest in and lien on all collateral of CTCHGC' of the same type and nature that exists as of the Petition Date with the same validity or invalidity and priority as exists as of the Petition Date, including the income and proceeds thereof (the "<u>Replacement Lien(s)</u>");

b.    Solely to the extent of any diminution in value, an additional and replacement security interest in and lien on all property and assets of CTCHGC' estate (the "<u>Adequate Protection Lien(s)</u>"); *provided*, *however*, that (a) such security interest shall be junior to any existing, valid, senior, enforceable, prior perfected security interest and lien, and (b) such interest shall not attach to any causes of action arising under chapter 5 of the Bankruptcy Code (the "<u>Avoidance Actions</u>") or any commercial tort claims; and

c. Solely to the extent of any Diminution in Value and to the extent provided by sections 503(b) and 507(b) of the Bankruptcy Code, an allowed administrative claim in this chapter 11 case (the "Adequate Protection Claim(s)"); *provided however*, that such claim shall not extend to any commercial tort claims or the proceeds thereof or any Avoidance Actions.

4. Professional Fees. Prior to the delivery of a Notice of Default under this Final Order, CTCHGC shall be permitted to pay (i) the fees and charges assessed against the estate under 28 U.S.C. § 1930 and any fees payable to the Clerk of the Court (collectively, "U.S. Trustee Costs") and (ii) professional fees and expenses incurred by attorneys, accountants, and other professionals, including ordinary course professionals, retained by CTCHGC and any Committee under sections 327 or 1103(a) of the Bankruptcy Code (together, the "Professionals" and each, a "Professional"), including any expenses of the members of such Committee, (the "Professional Fees") solely (i) to the extent allowed by Court order and payable under sections 326, 328, 330 and 331 of the Bankruptcy Code and any interim procedures order and (ii) in amounts not exceeding the amounts set forth in the Budget for each such Professional's Professional Fees.

5. Further Assurances. To the extent of their perfected and allowed claims and liens, the Pre-Petition Lender(s) are hereby authorized, but not required, to file or record financing statements, trademark filings, copyright filings, notices of lien or similar instruments in any jurisdiction, or take possession of or control over, or take any other action (including taking or releasing any liens or pledges granted by the Interim Orders and this Final Order) in order to validate and perfect the liens granted hereunder. Whether or not the Pre-Petition Lender(s), in its respective sole discretion, chooses to file such financing statements, trademark filings, copyright filings, notices of lien or similar instruments that may be otherwise required under federal or state

law in any jurisdiction, or take any action, including taking possession, to validate and perfect such security interests and liens, or otherwise confirm perfection of the liens and security interests granted to them hereunder, to the extent of their perfected and allowed claims and liens, such liens and security interests shall be deemed valid, perfected, allowed, enforceable, non-avoidable and not subject to challenge, dispute or subordination, as of the date of entry of this Final Order.

6.  <u>Modification of Automatic Stay</u>. To the extent of their perfected and allowed claims and liens, the Replacement Lien(s) and the Adequate Protection Lien(s) shall be valid, binding, enforceable, non-avoidable, and automatically perfected, notwithstanding the automatic stay, without the necessity of executing, filing, or recording any financial statement, deed of trust, mortgage, or other instrument or document which otherwise may be required under the laws of any jurisdiction to validate or perfect such security interests and liens. If the Pre-Petition Lender(s), in its respective sole discretion, decides to file any financing statements, trademark filings, copyright filings, notices of lien or similar instruments, or otherwise to confirm perfection of the liens granted hereby, CTCHGC shall cooperate with and assist in such process, the stay imposed under section 362 of the Bankruptcy Code is hereby lifted to permit the filing and recording of a certified copy of the Interim Orders and this Final Order or any such financing statements, trademark filings, copyright filings, notices of lien or similar instruments, and all such documents shall be deemed to have been filed and recorded at the time of and on the date of this Final Order. To the extent of their perfected and allowed claims and liens, in addition, the automatic stay under section 362(a) of the Bankruptcy code is hereby modified as necessary to effectuate all of the terms and provisions of the Interim Orders and this Final Order including, but not limited to: (a) permit CTCHGC to grant the Replacement Lien(s) and Adequate Protection Lien(s) and incur the Adequate Protection Claim(s); (b) permit CTCHGC to perform such acts as may be needed to

assure the perfection and priority of the liens granted herein; and (c) permit CTCHGC to incur all liability and obligations under the terms of this Final Order.

7. <u>Preservation of Rights Granted Under The Interim Orders and this Final Order</u>. The relief Granted in the Interim Orders is reaffirmed by this Final Order. To the extent of their perfected and allowed claims and liens, the liens and claims granted by the provisions of the Interim Orders and this Final Order, if any, shall survive, and shall not be modified, impaired or discharged by (i) the entry of an order converting this chapter 11 case to a case under chapter 7 or dismissing such chapter 11 case, or (ii) the entry of an order confirming a chapter 11 plan of reorganization in this chapter 11 case.

8. <u>Binding Effect on Successors and Assigns</u>. The provisions of the Interim Orders, and this Final Order, including all findings herein, shall be binding upon all parties in interest in this chapter 11 case including, without limitation, the Pre-Petition Lender(s), any Committee, and the Debtors, and their respective successors and assigns (including any chapter 7 or chapter 11 trustee hereinafter appointed or elected for CTCHGC' estate) and shall inure to the benefit of the Pre-Petition Lender(s) and CTCHGC, and their respective successors and assigns.

9. <u>Reservation of Rights</u>. The Debtors reserve all rights to seek other or additional use of Cash Collateral on such further or different terms and conditions as may be approved by the Court and the Pre-Petition Lender(s) reserve all rights with respect to any such request, as well as with respect to the final relief requested in the Motion. This Final Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, the rights of the Pre-Petition Lender(s) to request additional forms of adequate protection at any time or the rights of CTCHGC or any other party to contest such request. CTCHGC and the Pre-Petition Lender(s) reserve all rights with respect to whether the Pre-Petition Liens extend to the proceeds of any commercial tort claim or

Avoidance Action recovered from the Pre-Petition Lender(s). The Debtors and the Pre-Petition Lender(s) reserve all rights, positions, and claims regarding the allowance, perfection, avoidance, subordination, of all claims and liens of asserted by the Pre-Petition Lender(s).

10. <u>Immediate Effect of this Final Order</u>. Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062 or 9024 or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Final Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution of effectiveness of this Final Order as provided in such rules.

11. <u>Retention of Jurisdiction</u>. This Court shall retain jurisdiction to enforce the provisions of this Final Order, and this Court shall retain jurisdiction over all matters pertaining to the implementation, interpretation, and enforcement of the Interim Orders and this Final Order.

# # #

**CTCHGC, LLC**
**120 Day Cash Collateral Budget**

| | Sep-24 | Oct-24 | Nov-24 | Dec-24 |
|---|---|---|---|---|
| **Starting Cash Balance** | $4,061.50 | $11,125.04 | $17,188.58 | $23,252.12 |
| **Projected Revenues** | | | | |
| USCCA | $7,000.00 | | | |
| IdenToGo | $8,000.00 | $8,000.00 | $8,000.00 | $8,000.00 |
| Right to Bear | | $7,500.00 | $7,500.00 | $7,500.00 |
| Retail Sales | $36,000.00 | $36,000.00 | $36,000.00 | $36,000.00 |
| Sales Tax (Texas Comptroller) | -$3,540.00 | -$3,540.00 | -$3,540.00 | -$3,540.00 |
| | | | | |
| **Expenses** | | | | |
| Subchapter V Trustee Fees | | -$1,500.00 | -$1,500.00 | -$1,500.00 |
| Store Rent | -$4,206.36 | -$4,206.36 | -$4,206.36 | -$4,206.36 |
| Gun Range Lease | -$1,200.00 | -$1,200.00 | -$1,200.00 | -$1,200.00 |
| Payroll (Wages/taxes) | -$17,903.70 | -$17,903.70 | -$17,903.70 | -$17,903.70 |
| Contractor Payments | -$1,413.60 | -$1,413.60 | -$1,413.60 | -$1,413.60 |
| Vehicle Payments | -$3,043.78 | -$3,043.78 | -$3,043.78 | -$3,043.78 |
| Inventory | -$4,000.00 | -$4,000.00 | -$4,000.00 | -$4,000.00 |
| Business Insurance | -$1,456.26 | -$1,456.26 | -$1,456.26 | -$1,456.26 |
| Vehicle Insurance | -$239.00 | -$239.00 | -$239.00 | -$239.00 |
| Brinks Security | -$274.00 | -$274.00 | -$274.00 | -$274.00 |
| Fuel | -$800.00 | -$800.00 | -$800.00 | -$800.00 |
| Austin Energy | -$574.00 | -$574.00 | -$574.00 | -$574.00 |
| Spectrum | -$474.72 | -$474.72 | -$474.72 | -$474.72 |
| T-Mobile | -$458.50 | -$458.50 | -$458.50 | -$458.50 |
| Gunsmithing | -$2,500.00 | -$2,500.00 | -$2,500.00 | -$2,500.00 |
| Printer Lease | -$266.26 | -$266.26 | -$266.26 | -$266.26 |
| Camera System Lease | -$1,586.28 | -$1,586.28 | -$1,586.28 | -$1,586.28 |
| | | | | |
| **Ending Cash Balance** | $11,125.04 | $17,188.58 | $23,252.12 | $29,315.66 |

In re:                                                                    Case No. 24-11072-smr

CTCHGC, LLC                                                          Chapter 11

Michael D Cargill

    Debtors

# CERTIFICATE OF NOTICE

| District/off: 0542-1 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Oct 11, 2024 | Form ID: pdfintp | Total Noticed: 6 |

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 13, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | CTCHGC, LLC, 321 W Ben White Blvd #203, Austin, TX 78704-7087 |
| cr | + | GC Leasing AZ, LLC, Snell & Wilmer, 2501 N. Harwood Street, Suite 1850, Dallas, TX 75201-1607 |
| jaddb | + | Michael D Cargill, 321 W. Ben White #203, Austin, TX 78704-7087 |
| cr | + | Prosperity Bank, c/o Lisa C. Fancher, Fritz, Byrne, Head & Fitzpatrick, PLLC, 221 West Sixth St. Suite 960, Austin, TX 78701 UNITED STATES 78701-3444 |
| intp | + | Roc Funding Group, c/o Giuliano Law PC, Anthony Giuliano, Esq., 445 Broadhollow Rd., Suite 25 Melville, NY 11747-3645 |

TOTAL: 5

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**

Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/Text: BKECF@traviscountytx.gov | Oct 11 2024 21:55:00 | Travis County, c/o Jason A. Starks, P.O. Box 1748, Austin, TX 78767-1748 |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 13, 2024                    Signature:            /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 11, 2024 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Anthony F. Giuliano | |
| | on behalf of Interested Party Roc Funding Group afg@glpcny.com |

J Seth Moore
on behalf of Creditor GC Leasing AZ  LLC semoore@swlaw.com, sluby@swlaw.com;docket_den@swlaw.com

Jason A. Starks
on behalf of Creditor Travis County bkecf@traviscountytx.gov

Kell C. Mercer
on behalf of Debtor CTCHGC  LLC kell.mercer@mercer-law-pc.com

Kell C. Mercer
on behalf of JointAdmin Debtor Michael D Cargill kell.mercer@mercer-law-pc.com

Kell C. Mercer
on behalf of Debtor Michael D Cargill kell.mercer@mercer-law-pc.com

Lisa C. Fancher
on behalf of Creditor Prosperity Bank lfancher@fritzbyrne.law

Michael G. Colvard
on behalf of Trustee Michael G. Colvard mcolvard@mdtlaw.com  mcolvard@ecf.axosfs.com;amartinez@mdtlaw.com

Michael G. Colvard
mcolvard@mdtlaw.com  mcolvard@ecf.axosfs.com;amartinez@mdtlaw.com

Shane P. Tobin
on behalf of U.S. Trustee United States Trustee - AU12 shane.p.tobin@usdoj.gov
Carolyn.Feinstein@usdoj.gov;gary.wright3@usdoj.gov;Tisha.Savannah@usdoj.gov

Shanna M Kaminski
on behalf of Interested Party Blue Bridge Capital  LLC skaminski@kaminskilawpllc.com

Steven B. Bass
on behalf of Creditor United States Small Business Administration Steven.Bass@usdoj.gov  tina.travieso@usdoj.gov

United States Trustee - AU12
ustpregion07.au.ecf@usdoj.gov


TOTAL: 13